UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Amplifon Hearing Health Care Corp. f/k/a HearPO Corp., a Minnesota Corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>One Call Care Management f/k/a MSC Group, Inc. a/k/a MSC Care Management, a Delaware Corporation,<br><br>               Defendant(s) | Case No: |

## DEMAND FOR INJUNCTIVE RELIEF AND JURY TRIAL COMPLAINT FOR BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS AND DECEPTIVE AND UNFAIR TRADE PRACTICES

Plaintiff Amplifon Hearing Health Care Corp. f/k/a HearPO Corp. sues Defendant One Call Care Management f/k/a MSC Group, Inc. a/k/a MSC Care Management and alleges:

### THE PARTIES

1. Plaintiff Amplifon Hearing Health Care Corp. f/k/a HearPO Corp., referred to herein as "Amplifon", is a Minnesota corporation with its principal place of business in Plymouth, Hennepin County, Minnesota.

2. Upon information and belief, Defendant One Call Care Management f/k/a MSC Group, Inc. a/k/a MSC Care Management, referred to herein as "One Call", is a Delaware corporation with its principal place of business in Jacksonville, Duval County, Florida.

## JURISDICTION AND VENUE

3. This is an action for breach of contract, breach of the duty of good faith and fair dealing, intentional interference with business relationships and deceptive and unfair trade practices.

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the case involves citizens of different states and the amount of damages is more than $75,000 exclusive of interest and costs.

5. Venue is proper under 29 U.S.C. § 1391(b), (c) and (d). In addition, the parties' contract contains a venue selection provision requiring any proceeding to be brought in Duval County, Florida.

6. Pursuant to the contract, the parties agree that Florida law applies to the facts of these claims.

## FACTS

7. On or about February 25, 2003, the Parties entered into a Provider Agreement whereby Amplifon agreed to provide hearing aids and hearing aid

services to participants in the provider and vendor network operated and administered by One Call.

8. The Provider Agreement was subsequently modified approximately five times. The last modification, referred to herein as "Mod-5", provided that Amplifon would be One Call's preferred provider for hearing aids and hearing aid services. Mod-5 was dated effective as of September 1, 2012.

9. The term of Mod-5 renewed automatically each September for one year unless either party provided a notice of nonrenewal 90 days prior to September 1.

10. Neither party ever provided a notice of non-renewal.

11. Mod-5 contained a Preferred Provider Obligation that obligated One Call to "utilize [Amplifon] as its first option for audiology and hearing aid products and/or services" but provided that "if, for any reason [Amplifon] cannot service a patient, [One Call] will use its existing audiology and hearing aid network to provide service."

12. The purpose of the Preferred Provider Obligation was to increase the volume of hearing aids One Call purchased from Amplifon in exchange for Amplifon providing a volume discount to One Call for the hearing aids.

## COUNT I
## (BREACH OF CONTRACT)

13. Plaintiff incorporates and re-alleges paragraphs 7 through 12 above as though set forth in their entirety herein.

14. Upon information and belief, One Call breached its Preferred Provider Obligation as early as 2014 by doing, among other things, the following:

   a. steering patients to non-Amplifon providers even when Amplifon providers could service the patients;

   b. actively recruiting new providers to join its network, targeting Amplifon's providers to leave the Amplifon network in order to build One Call's own network directly and shrink Amplifon's network;

   c. stating that it did not intend to honor Amplifon's preferred provider status (i.e., that it would not honor the Preferred Provider Obligation); and

   d. making misrepresentations about Amplifon to providers and mutual organizational clients.

15. On or about January 13, 2015, Amplifon notified One Call of these breaches and demanded that One Call cure them.

16. Despite notice and opportunity to cure these breaches, One Call failed to cure the breaches, forcing Amplifon to terminate the Provider Agreement

for cause on February 16, 2015, more than six months prior to the contract's automatic renewal date of September 1, 2015.

17. Based solely on Amplifon's records of One Call's patient volume in 2013 versus 2014, Amplifon estimates that One Call's breaches have caused Amplifon to lose over $800,000 in 2014 alone. Upon information and belief, One Call's records will show additional damages due and owing to Amplifon for 2014 and 2015.

18. All conditions precedent to this action have occurred or been waived.

19. An attorney's fee provision in the Provider Agreement entitles Amplifon to recover its attorney's fees in this action.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial; award Plaintiff its costs, disbursements, and reasonable attorneys' fees; and grant Plaintiff any other relief the Court deems just and equitable.

## COUNT II
## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

20. Plaintiff incorporates and re-alleges paragraphs 7 through 12 as though set forth in their entirety herein.

21. Upon information and belief, One Call's recruitment of Amplifon providers was in bad faith, was intended to interfere with Amplifon's business

contracts with its providers, and was an attempt to frustrate the purpose of the Provider Agreement and Mod-5 by causing Amplifon to be unable to service One Call participant/patients in some markets.

22. One Call's bad faith and unfair dealing is supported, upon information and belief, by One Call representatives' statements in 2014 that One Call did not intend to honor Amplifon's preferred provider status as set forth in Mod-5.

23. One Call's bad faith and unfair dealing has damaged Amplifon in an amount to be determined at trial, but all in excess of $75,000.

24. All conditions precedent to this action have occurred or been waived.

25. Amplifon has retained the undersigned attorneys and has agreed to pay them a reasonable fee. An attorney's fee provision in the Provider Agreement entitles Amplifon to recover its attorney's fees in this action.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial; award Plaintiff its costs, disbursements, and reasonable attorneys' fees; and grant Plaintiff any other relief the Court deems just and equitable.

## COUNT III
## (INTENTIONAL INTERFERENCE WITH AMPLIFON'S CONTRACTS AND BUSINESS RELATIONSHIPS)

26. Plaintiff incorporates and re-alleges paragraphs 7 through 12 as though set forth in their entirety herein.

27. Amplifon had contracts and business relationships with providers.

28. One Call, because of its contract with Amplifon, knew about Amplifon's contracts and business relationships with its providers.

29. Upon information and belief, One Call interfered with Amplifon's contracts and business relationships with others, including but not limited to:

    a. telling Amplifon's providers that Amplifon is a "middle man," in the distribution chain and that they should skip Amplifon and go directly through One Call, which is false, and

    b. telling Amplifon's organizational clients and others that Amplifon or its parent-company, Amplifon (USA), Inc., is owned by Siemens, which is false.

30. The representatives of One Call who made these statements knew they were false at the time they made the statements.

31. The representatives of One Call who made these statements did so without justification and with the intent to interfere with Amplifon's contracts with its providers, interfere with Amplifon's organizational clients and in order to

7

deprive Amplifon of the advantage of its contracts and business relationships and its economic advantage.

32. One Call's interference has caused Amplifon damage in an amount to be determined at trial, but all in excess of $75,000.

33. All conditions precedent to this action have occurred or been waived.

34. Amplifon has retained the undersigned attorneys and has agreed to pay them a reasonable fee. An attorney's fee provision in the Provider Agreement entitles Amplifon to recover its attorney's fees in this action.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial; award Plaintiff its costs, disbursements, and reasonable attorneys' fees; and grant Plaintiff any other relief the Court deems just and equitable.

## COUNT IV
## (DECEPTIVE AND UNFAIR TRADE PRACTICES)

35. Plaintiff incorporates and re-alleges paragraphs 7 through 12 as though set forth in their entirety herein.

36. One Call's actions constitute unfair methods of competition and deceptive and unfair acts or practices in the conduct of trade or commerce under Florida's Deceptive and Unfair Trade Practices Act, Sections 501.201-501.23, Florida Statutes.

37. One Call's actions have damaged Amplifon in an amount to be determined at trial in excess of $75,000.

38. All conditions precedent to this action have occurred or been waived.

39. Amplifon has retained the undersigned attorneys and has agreed to pay them a reasonable fee. Section 501.2105, Florida Statutes, and an attorney's fee provision in the Provider Agreement entitle Amplifon to recover its attorney's fees in this action.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial; award Plaintiff its costs, disbursements, and reasonable attorneys' fees; and grant Plaintiff any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DURANT, SCHOEPPEL,
DECUNTO & RATCHFORD, P.A.

_____
KEVIN A. SCHOEPPEL
Florida Bar Number: 973793
C. POPHAM DECUNTO
Florida Bar Number: 0650021
Primary Email: pdecunto@ds-law.net
6550 St. Augustine Road, Suite 105
Jacksonville, Florida 32217
(904) 652-2600 (voice)
(904) 652-2610 (facsimile)